UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAD KETCHUM,

    Plaintiff,

v.

BAE SYSTEMS LAND &
ARMAMENTS, L.P., and MARVIN L.
WILLIAMS,

    Defendants.
_____/   CASE NO. 8:10-cv-2246-T-23TBM

BAE SYSTEMS LAND &
ARMAMENTS, L.P.,

    Third-Party Plaintiff,

v.

BROWN INTERNATIONAL
CORPORATION, d/b/a AAR
INTEGRATED TECHNOLOGIES,

    Third-Party Defendant.
_____/

## **ORDER**

Chad Ketchum worked for Brown International Corporation ("Brown"), which lent Ketchum to BAE Systems Land & Armaments, L.P. ("BAE"). In Afghanistan, BAE employees allegedly battered, imprisoned, and verbally abused Ketchum. Ketchum sued BAE, Ketchum and BAE settled, and BAE sued Brown for breach of an indemnity agreement and for negligent employment, retention, and referral. Under the indemnity agreement, Brown need not indemnify BAE for BAE's own negligence. A

September 21, 2011, order (Doc. 42) (with which familiarity is assumed) dismisses BAE's indemnity claim without prejudice for failing to specify whose negligence underlies the requested indemnity. BAE attempts to cure the indemnity claim in a second amended complaint (Doc. 45), and Brown moves (Doc. 50) to dismiss both the indemnity claim and the negligent employment, retention, and referral claim.

The September 21st order states, "[BAE] asserts repeatedly that Brown must indemnify BAE under the indemnity clause in Brown and BAE's contract, but the claim for indemnity is either for BAE's own negligence, in which case the claim is barred, or for an unmentioned, mystery negligence, in which case the complaint is too vague and conclusory to state a claim." (Doc. 42 at 5) BAE's new complaint attempts to clarify that "Brown's negligent . . . failure to conduct an adequate background check on Ketchum, Brown's negligent hiring, retention, and referral of Ketchum to BAE, and Ketchum's own volatile and insubordinate actions . . . directly caused the damages for which [Ketchum] sought to hold BAE . . . liable." (Doc. 45 at 6)

BAE acknowledges that Ketchum was in Afghanistan working for BAE when the events occurred that led to BAE and Ketchum's settlement, and BAE acknowledges Ketchum's allegation that BAE employees slammed Ketchum's hand in a door and wrongfully detained Ketchum, among other abuse. (Doc. 45 at 6) Yet BAE proclaims without support that only Brown and Ketchum committed the negligence that caused BAE to pay money to Ketchum.

BAE denies paying Ketchum for BAE's negligence, but BAE provides not one factual allegation that explains what happened to Ketchum in Afghanistan and that renders plausible BAE's claim to share no responsibility. Put differently, although BAE

alleges that Brown and Ketchum negligently let Ketchum suffer abuse and injury, BAE alleges nothing about who abused and injured Ketchum.  If Brown negligently hired and referred Ketchum and if Ketchum negligently committed "volatile and insubordinate" acts, still, some intervening force injured Ketchum – and in a manner that justified Ketchum's settlement award from BAE.  Without an impeccable explanation BAE cannot maintain tenably and simultaneously that Ketchum worked for BAE, that Ketchum was hurt after insubordinate behavior, and that BAE acted reasonably.  (For one thing, "insubordinate behavior" is not a valid defense to battery.)  Because BAE says nothing about Ketchum's injury, the second amended complaint's indemnity claim is implausible, contradictory, and conclusory.  See Aisenberg v. Hillsborough Cnty. Sheriff's Office, 325 F.Supp.2d 1366, 1381-82 (M.D. Fla. 2004) ("'conclusory' means 'expressing a factual inference without stating the underlying facts on which the inference is based'") (quoting Black's Law Dictionary 284 (7th ed. 1999)).

The September 21st order warns BAE not to submit another perfunctory brief. (Doc. 42 at 5-6)  The single case that BAE cites in a one and a half page defense of the indemnity claim is Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Meanwhile, BAE suggests that Brown's "contorted interpretation[s]" and "misreading[s]" of BAE's indemnity claim might violate Rule 11(b), Federal Rules of Civil Procedure.  Suffice to say, the suggestion is misplaced.

Brown's first motion to dismiss asserts that BAE's negligent employment, retention, and referral claim "may be viewed only as a claim for contribution."  (Doc. 35 at 5)  The September 21st order rejects Brown's assertion as unsupported by authority or argument.  Brown assumes a second chance to dismiss a claim that Brown

contested carelessly the first time. In any event, the burden rests on Brown to demonstrate that BAE's negligent employment, retention, and referral count fails to state a claim, see 2 Moore et. al., Moore's Federal Practice, § 12.34[1][a] (3d ed.), and Brown again submits a cursory treatment. For example, Brown's one authority, T & S Enterprises Handicap Accessibility, Inc. v. Wink Industrial Maintenance & Repair, Inc., 11 So.3d 411 (Fla. 2d DCA 2009), declines to consider whether a third-party plaintiff can seek contribution from a third-party defendant for a settlement between the third-party plaintiff and the plaintiff that releases the third-party defendant. 11 So.3d at 413. BAE claims that Ketchum and BAE's settlement releases Brown and that Wink is for present purposes inert. Brown is silent about the settlement. Hence, even if Brown is correct that the negligent employment, retention, and referral claim is a contribution claim, Brown neglects to show that the claim is unsustainable.

Three complaints (Docs. 26, 32, 45) and BAE fails to allege events in Afghanistan that absolve BAE of negligence and that support an indemnity claim against Brown. Accordingly, the motion (Doc. 50) to dismiss is **GRANTED** in that BAE's claim for breach of contract and request for a declaratory judgment are **DISMISSED WITH PREJUDICE**. The motion is otherwise **DENIED**.

ORDERED in Tampa, Florida, on November 9, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE