UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAD KETCHUM,

    Plaintiff,

v.

BAE SYSTEMS LAND &
ARMAMENTS, L.P., and MARVIN L.
WILLIAMS,

    Defendants.

_____/    CASE NO. 8:10-cv-2246-T-23TBM

BAE SYSTEMS LAND &
ARMAMENTS, L.P.,

    Third-Party Plaintiff,

v.

BROWN INTERNATIONAL
CORPORATION, d/b/a AAR
INTEGRATED TECHNOLOGIES,

    Third-Party Defendant.

_____/

**ORDER**

After the main claim in this action settled and was dismissed with prejudice,

the third party plaintiff and third party defendant continued to litigate. In due course

this derivative quarrel settled and the case closed, but the original plaintiff returns and

moves (Doc. 56) to re-open so to resolve whether a lien may rightfully attach to his settlement.

Employees of BAE Systems Land & Armaments allegedly injured Chad Ketchum in Afghanistan (not randomly; Ketchum had misplaced a "mine resistant ambush protected" vehicle, *see* U.S. Dept. of Defense, *MRAP Vehicles*, www.defense.gov/home/features/2007/mrap/ (visited Jan. 21, 2012)). Ketchum sued BAE on several grounds, and BAE sued Ketchum's employer, Brown International, for indemnity and for negligence. Ketchum and BAE settled in August, 2011. BAE's indemnity claim against Brown was dismissed (Docs. 42, 53) for baselessness, and in November, 2011, BAE and Brown settled the negligence claim. When BAE and Brown's third party dispute settled, an order (Doc. 55) dismissed the action and closed the case "subject to the right of any party within sixty days to . . . re-open the action upon a showing of good cause." Ketchum claims to have good cause to re-open.

Brown paid Ketchum workers' compensation for his injuries under the Longshore and Harbor Workers' Compensation Act (LHWA), 33 U.S.C. §§ 901-50, and the Defense Base Act, 42 U.S.C. §§ 1651-54. The LHWA in Section 933(g)(1) requires a worker to obtain his employer's consent before settling with a tortfeasor for less money than the employer owes the worker in benefits. Under Section 933(g)(2), a worker who ignores the consent requirement forfeits future benefits. *Boroski v. DynCorp Intern.*, 662 F.3d 1197, 1213 (11th Cir. 2011). Also, an employer may assert

a lien on the settlement to recoup benefits already paid. *Allen v. Texaco, Inc.*, 510 F.2d 977, 979-80 (5th Cir. 1975); *Evans Fin. Corp. v. Director, Off. of Workers' Comp. Programs*, 161 F.3d 30, 33 (D.C. Cir. 1998). Ketchum settled his claims against BAE without Brown's permission, and Brown ceased paying benefits. Looking outward for the cause of his oversight, Ketchum seeks to invalidate Brown's lien on the ground that Brown knew of Ketchum's settlement negotiation but waited until after the settlement to assert the lien. The arguments aiming to shift responsibility to Brown – estoppel and constructive consent, among others – stretch to a respectable length.

Very well, but how is the matter that Ketchum raises connected to this closed action? Ketchum says only that "determining the lien issue . . . is certainly a showing of good cause to re-open the case" (Doc. 56 at 18); which means, in fact, that Ketchum shows nothing.

The purpose of the recent "sixty day order" (as denominated in everyday usage) is to allow Brown and BAE to re-open the case for a qualifying reason – not to benefit Ketchum, who consummated his settlement with BAE five months ago. *See Fennell v. TLB Kent Co.*, 865 F.2d 498, 503-04 (2d Cir. 1989) (concurring opinion); *Grabois v. Dura Erect Corp.*, 981 F.Supp. 295, 297 (S.D.N.Y. 1997). More importantly, even assuming Ketchum is eligible to move to re-open under the "sixty day order," his basis for re-opening is inadequate. Ketchum is not claiming that the settlement was contingent and the contingency failed, that the settlement requires

entry of a particular form of judgment, that the settlement is tainted by fraud or duress, or that some other "good cause" exists. *See Ballard ex rel. Ballard v. Philadelphia School Dist.*, 273 Fed.Appx. 184, 186-87 (3d Cir. 2008); *Muze Inc. v. Digital on Demand, Inc.*, 356 F.3d 492, 493-94 (2d Cir. 2004). Nor is Ketchum attacking the validity of the order that dismisses his claims. *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005). Rather, Ketchum wants to protect his settlement money. The settlement happens to resolve part of this action, but a dispute involving a settlement is not a mere continuation of the action in which the settlement was formed. *See Kokkonen v. Guardian Life Insurance Company*, 511 U.S. 375 (1994). The August, 2011, order dismissing Ketchum's claims explicitly declines to retain jurisdiction to enforce the settlement agreement. (Doc. 38) Although jurisdiction exists under the November, 2011, "sixty day order" to re-open Ketchum's portion of the action (Ketchum's claims and BAE's third-party claims constitute one action, *In re Yarn Processing Patent Validity Litig.*, 680 F.2d 1338 (11th Cir. 1982)), Ketchum's new dispute, based on new facts – and in part against a new party, Brown's insurer – belongs in a new action.

The untimeliness of Ketchum's motion adds another ground for leaving the case closed. After learning in August, 2011, that Brown planned to enforce the lien, Ketchum waited five months before seeking relief in this action. A five-month delay is pardonable if sufficiently explained, but Ketchum never tries.

Brown responds to Ketchum, seeks to enforce the lien, and says not a word about why this action should re-open. (Doc. 59) The reasons discussed above for the action's continued repose defeat Brown's effort to enforce the lien. Even a motion to enforce an attorney's charging lien (a lien that arises directly from the action) would at this point arrive too late. *See Gottlieb v. GC Fin. Corp.*, 97 F.Supp.2d 1310, 1311-12 (S.D. Fla. 1999) (Dimitrouleas, J.).

The relief sought in Ketchum's motion (Doc. 56) to re-open and in Brown's response (Doc. 59) is **DENIED**.

ORDERED in Tampa, Florida, on January 24, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE